IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 26 AM 9:08

AUGUSTA DIVISION  CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| JAMES DUNBAR, | ) |
| Plaintiff, | ) |
| v. | ) CV 104-114 |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. The Magistrate Judge recommended that the Commissioner's final decision be reversed and that the case be remanded to the Commissioner for further consideration. This recommendation was based on the conclusion that the Administrative Law Judge ("ALJ") erred when he ignored the explicit instructions in the remand order of the Appeals Council ("AC") to consider the testimony of Plaintiff's wife concerning Plaintiff's subjective complaints of pain. The Commissioner makes several objections, only one of which merits detailed comment.

The Commissioner argues that non-compliance with the AC's remand order is not an independent basis for remand by this Court. (Doc. no. 12, pp. 10-11). In support of this position, she cites cases which contradict the cases cited by the Magistrate Judge for the

proposition that failure to comply with the AC's remand order does justify a remand by this Court. (Report and Recommendation, pp. 7-8). The Commissioner's cases are unpersuasive for two reasons. First, none of the cases cited are from the Eleventh Circuit, and therefore they are not binding authority on this Court. Although the cases cited by the Magistrate Judge are also not binding authority, the Court finds the reasoning of the cases weighing in favor of remand to be more persuasive.

Second, the cases cited by the Commissioner either lack internal legal support or simply do not reach a definitive conclusion on the propriety of remanding a case based on non-compliance with an AC's remand order. For example, in Redfield v. Commissioner of Soc. Sec., 366 F. Supp.2d 489 (E.D. Mich. 2005), there is no case law or statutory or regulatory citation supporting the conclusory statement that compliance with an AC remand order should be resolved at the agency level. Id. at 487. The Commissioner also quotes a statement from Everaert v. Barnhart, No. 03-C-358-C, 2004 WL 903809 (W.D. Wis. 2004), *rejected on other grounds by*, 2004 WL 1446173, that the court was skeptical of its authority to review compliance with an AC remand order. (Doc. no. 12, p. 10 n.4). However, she omits the court's statement that it was not necessary to decide the issue to resolve the case at hand. Everaert, 2004 WL 903809 at *10 ("However, it is not necessary to decide this question [ability to review compliance with AC order] in this case. Even assuming this court has the authority to consider the issue whether ALJ Thomas complied with the remand order, plaintiff's argument fails."). Likewise the Commissioner's reliance on Kastman v. Barnhart, No. 01-C-0150, 2002 WL 1461499 (N.D. Ill. 2002) is misplaced because even though the court noted its doubts about reviewing compliance with the AC's order, it ultimately refused to rule on the issue. Id. at *9 ("We pass on Kastman's argument that the Commissioner's

decision in this case should be reversed because ALJ Brezina violated the Appeals Council's December 4, 1997 remand order, however.").

Finally, as the Magistrate Judge pointed out, the testimony from Plaintiff's wife that the ALJ failed to appropriately address concerns an issue that is highly relevant to Plaintiff's disability claim, namely his subjective complaints of pain. Thus, the Commissioner's characterization of the recommendation for remand as resting "solely on a failure of the ALJ to strictly comply with instructions" from the AC is, to quote the Commissioner, "overly rigid." (Doc. no. 12, pp. 8, 11-12 n.5). That is, compliance with the AC remand's order is necessary to ensure that all of the information relevant to assessing Plaintiff's subjective complaints of pain, an issue that is clearly subject to review for compliance with the Social Security Act and the implementing regulations, has been appropriately considered.

All other objections are **OVERRULED.** Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Commissioner for further consideration in accordance with the Court's opinion. The Commissioner shall assign a different ALJ to preside over any additional proceedings, and Plaintiff's request for oral argument before this Court is **DENIED.**

SO ORDERED this 26th day of September, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE